NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JOHN CALEB STEINBRUGGER, *Appellant.*

No. 1 CA-CR 14-0070
FILED 10-30-2014

---

Appeal from the Superior Court in Maricopa County
No. CR2011-160197-002
The Honorable Robert E. Miles, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Nicole Farnum, Phoenix
By Nicole T. Farnum
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**B R O W N**, Judge:

¶1        John Caleb Steinbrugger appeals his convictions and sentences for aggravated robbery and aggravated assault.  Counsel for Steinbrugger filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising that after searching the record on appeal, she was unable to find any arguable grounds for reversal.  Steinbrugger was granted the opportunity to file a supplemental brief *in propria persona*, but he has not done so.[1]

¶2        Our obligation is to review the entire record for reversible error.  *State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).  We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Steinbrugger.  *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).  Finding no reversible error, we affirm.

¶3        In June 2013, Steinbrugger was indicted for one count of aggravated robbery, a class 3 felony, in violation of Arizona Revised Statutes ("A.R.S.") section 13-1903(A) and one count of aggravated assault, a class 4 felony, in violation of A.R.S. § 13-1204(A)(3).  The following evidence was presented at trial.

¶4        At approximately 5:00 a.m. on November 15, 2011, the victim was asleep on the couch at a friend's apartment.  Steinbrugger and two other men, K.B. and R.B., knocked on the door and the victim's friend permitted them to enter, waking the victim.  K.B., who was previously acquainted with the victim, demanded to use the victim's laptop, which was located in a bag near the couch where the victim was now sitting.

---

[1]        Steinbrugger filed a Motion for Extension of Time to file his supplemental brief on September 5, 2014.  Per this court's prior order, his supplemental brief was due on July 14, 2014.  We therefore deny the motion as untimely.

When the victim refused, K.B. threatened that the other two men would harm the victim if he did not comply with the request.

¶5        K.B. then stepped outside the apartment and Steinbrugger and R.B. attacked the victim, punching him in the face several times, causing fractures.  The two assailants then grabbed the laptop and other items and ran from the apartment along with K.B.  Soon after the incident, Steinbrugger realized he had left his cell phone at the apartment.

¶6        Police responded to the victim's 9-1-1 call and found him outside the apartment with blood on his face.  The victim was hospitalized for four days and underwent two surgeries as a result of the injuries.  After being released from the hospital, the victim discovered in his personal effects a cell phone that did not belong to him.  He turned the phone over to police, who determined that it belonged to Steinbrugger.

¶7        A jury found Steinbrugger guilty as charged.  Prior to sentencing, the court found that Steinbrugger had two prior felony convictions, making him a Category 3 repetitive offender.  After considering various mitigating factors, the court sentenced Steinbrugger to minimum concurrent sentences of 10 years for aggravated robbery and 8 years for aggravated assault.  Steinbrugger received credit for 41 days of presentence incarceration.  This timely appeal followed.

¶8        We have searched the entire record for reversible error and find none.  All of the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.  The record shows Steinbrugger was present at all pertinent proceedings and was represented by counsel.  Steinbrugger had an opportunity to speak before sentencing, and the sentences imposed were within the statutory limits.  Accordingly, we affirm Steinbrugger's convictions and sentences.

**¶9** Upon the filing of this decision, counsel shall inform Steinbrugger of the status of the appeal and his options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Steinbrugger shall have thirty days from the date of this decision to proceed, if he so desires, with a *pro per* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: gsh